(120 App. Div. 619)

## BADGER v. POND.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

FRAUD—INJURY FROM FRAUD.

> One receiving a chattel mortgage to secure an antecedent debt cannot maintain an action for the debtor's false representations of ownership of chattels embraced in the mortgage; no damages being caused thereby.

Appeal from Special Term, Franklin County.

Action by Fred R. Badger against Edwin G. Pond. From a judgment of dismissal, and from an order denying a motion for a new trial on the judge's minutes, plaintiff appeals. Affirmed.

Upon the 4th day of April, 1899, the defendant, being indebted to the plaintiff in the sum of $912.40, gave to the plaintiff his note, and to secure the same gave to him a chattel mortgage upon his stock and personal property. This chattel mortgage covered all of his personal property. Thereafter, upon the 24th day of April, 1900, having failed to pay the note and chattel mortgage, the defendant executed to the plaintiff a bill of sale of this same property. After the property was taken by the plaintiff under the bill of sale, a horse and a cow were seized by the governmental officials as having been smuggled in from Canada, and were sold. The plaintiff thereby lost the benefit of the value of these articles and property which were included in the chattel mortgage and in the bill of sale. This action was then brought by the plaintiff against the defendant to recover damages for fraud in having falsely represented this horse and cow as his property and free from any claim. The complaint was dismissed at the trial, and from the judgment entered upon such dismissal, as well as from the order denying the motion for a new trial, this appeal has been taken.

Argued before SMITH, P. J., and CHESTER, KELLOGG, CHOCHRANE, and SEWELL, JJ.

John P. Kellas, for appellant.
A. B. Cooney, for respondent.

PER CURIAM.  The complaint was dismissed upon the trial upon the ground that all right accruing under the chattel mortgage was merged in the bill of sale, and for any fraud exercised in procuring the taking of the chattel mortgage the defendant cannot be held liable, as in the bill of sale was conveyed simply such right, title, and interest as the defendant had in the property.  We are not prepared entirely to agree to this proposition.  But nevertheless we think the judgment was right, as we are unable to find any damage flowing from the false statements made by the defendant in the chattel mortgage.  The evidence of the plaintiff is to the effect that he relied, in taking the mortgage, upon the statement in the mortgage itself to the effect that the defendant was the true and lawful owner.  All of this indebtedness, however, has accrued prior to the signing of the mortgage by the defendant, and prior, therefore, to the representation which is made the basis of the fraud in this action.  To support an action for false representation, the damage must have been caused thereby.  No property has been parted with by reason of any false representations to the defendant, and without proof of such fact no legal damage is shown.

The judgment should therefore be affirmed, with costs.